Sally MARKS

v.

The AUTOCAR COMPANY and the White Motor Company.

Civ. A. No. 16075.

United States District Court E. D. Pennsylvania.

Sept. 4, 1954.

See also, D.C., 152 F.Supp. 408.

Martin Horwitz, New York City, Richard D. Solo, Philadelphia, Pa., for plaintiff.

C. L. Cushmore, Jr., Thomas Raeburn White, Philadelphia, Pa., Payne & Steingarten, New York City, White, Williams & Scott, Philadelphia, Pa., for Autocar Co.

Robert T. McCracken, John F. Headly, Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., John H. Watson, Jr., Cleveland, Ohio, for White Motor Co.

KIRKPATRICK, Chief Judge.

The plaintiff, the beneficial owner of 1,400 shares of common stock of the defendant, Autocar, brought this action to obtain a money judgment for the value of her stock.

She was a minority stockholder and dissented from and voted against Autocar's adoption of a plan by which Autocar transferred the bulk of its assets to White in exchange for White stock, which it then distributed to its own stockholders, in a dissolution proceeding.

She bases her case upon the principle of law declared in Lauman v. Lebanon Valley Railroad Company, 30 Pa. 42, and not since departed from: "Now, it is plain enough that a dissenting member cannot thus be forced into a new corporation, and that his property in one corporation cannot be taken from him and the stock of another imposed upon him by way of compensation, by the act either

of the legislature or of his co-corporators, or of both combined."

The defendants argue that the law of the Lauman case does not apply because the transaction was nothing more than a sale of a portion of Autocar's assets. It cannot, say the defendants, be a merger because, for one reason, the final step prescribed by the statute as requisite to make a merger effective, namely, filing the articles of merger with the Department of State, was never taken. Therefore, the argument runs, the transaction being a sale and not a merger, the intention of the legislature to deny the plaintiff the remedy which she seeks in this suit must be inferred from the fact that Section 311, 15 P.S. § 2852–311 (which regulates the sale of all or substantially all of a corporation's assets) omits any provision for a statutory method of valuing the interest of a dissenting stockholder in order to make compensation to him, whereas Section 908, 15 P.S. § 2852–908, regulating mergers, has such a provision.

■ It seems to me that, in view of the breadth of the principle upon which the Lauman decision was based, it is not a matter of vital importance whether this transaction be denominated a sale or a merger. However, I have no doubt that it is, in substance and in effect, a de facto merger, though not consummated in accordance with the procedure set up by the statute. Of course, there was a transfer of assets for a consideration, which could be properly designated a sale, but every merger has in it the elements of a transfer for consideration. Autocar's business was taken over by White which has, since the transfer, been conducting it as a division of its company. Autocar has been or is about to be dissolved and will cease to exist as a corporate entity abandoning its name and legal identity. When the transaction is completed, all of its stockholders will have passed into White and will have become members thereof. White has assumed all of the liabilities of Autocar and has acquired its goodwill and the right to use the name. The only assets not transferred consisted of stockholdings in a corporation called "Highway Trailer Co." and $300,000 in cash. The cash was to be held for the purpose of paying the expenses of the transfer and may not be much more than enough for that. What the Highway stock is worth does not appear, although it is stated to have had a book value of $1,031,723. Its actual value may be substantial but the defendants evidently consider it of comparatively little account since their position is that this transaction is governed by a statute which applies only to transfers of "all, or substantially all, the property and assets, * * * of a corporation."

The procedural steps taken by the defendants to effectuate the fusion of Autocar's business with that of White were, so far as they went, perfectly consistent, with the statutory procedure for a merger, although the defendants were ostensibly following the procedure set up by Section 311 for a sale. In line with their purpose that the transaction should appear to be a sale of assets rather than a merger, they refrained from taking the final step required by the law to accomplish a statutory merger; that is, they did not prepare, advertise or file with the Department of State articles of merger or consolidation. Granted that this defeats the plaintiff's right to the statutory remedy of appraisal by three disinterested persons appointed by the Court of Common Pleas (since that right came into existence only after the final steps have been taken) still, it cannot take away the stockholder's constitutional rights and destroy her cause of action. Only by ignoring the character of the transaction as a whole and viewing it piecemeal as a series of separate steps can a plausible argument be made to the effect that this fusion of two corporations was nothing but a sale and that the dissolution of Autocar was a subsequent and unrelated act. The record is to the contrary. The same contract which provided for the transfer of Autocar's assets required that Autocar dissolve and that the White stock acquired by Auto-

car as consideration for the transfer be distributed to the stockholders of Autocar. The dissolution and distribution was an absolute condition to the transfer of the assets and without it the entire transaction would have been nullified. In short, the contract required that the stockholders of Autocar become stockholders of White.

Regardless of the form of the transaction, the fact is that these two corporations consummated an arrangement between themselves as a result of which, when fully carried out, the plaintiff will find, against her will, that she is no longer a stockholder of Autocar but is a stockholder of White, an entirely different corporation. She has, in the language of the opinion in the Lauman case, had her stock taken away from her and the stock of another company imposed upon her by way of compensation. If this can be done by merely omitting the final step required to make a statutory merger effective, there is very little life left in the principle upon which the Lauman case was decided.

■ As to the defense that the Court is without jurisdiction because the statute relating to merger and consolidation (section 908) gives the exclusive remedy of application to the Court for the appointment of appraisers and vests exclusive jurisdiction to appoint such appraisers in the Court of Common Pleas of the County in which the principle office of the corporation is located, it need only be said that the "exclusive" remedy is available to a stockholder only in the case of a statutory merger and, then, only after the Department of State has approved the articles of merger. The defendants have insisted throughout that the transaction involved in this case was not a statutory merger, and I have held that it was not. The intentional failure of the defendants to complete the statutory proceedings, while it may deprive the plaintiff of the statutory remedy consisting of the appointment of appraisers, does not deprive her of all rights and does not deprive the Court of jurisdiction to accord such rights through ordinary court procedures. See Bloch v. Baldwin Locomotive Works, 75 Pa.Dist. & Co.R. 24, in which the Court said "In the case at bar defendant never intended to submit articles of merger to the Department of State for approval, because defendant has not brought itself within the terms of the statute. Therefore, the dissenting shareholder stands helpless to protect his rights unless and until some way is found to determine whether a merger is *in fact* taking place. The court of equity has been given the statutory authority and responsibility under the 'Business Corporation Law', supra, to determine finally, the fair value of a dissenting shareholder's shares of stock. We see no reason, therefore, why equity should not also have authority to determine whether or not a merger has *in fact* taken place, where the statute is not followed by the corporation involved."

There are a number of motions before the Court which will be governed by the principles stated in this opinion. Autocar's motion to dismiss will be denied, as will White's motion for judgment on the pleadings and its motion to strike the plaintiff's affidavit filed in connection with the plaintiff's motion for summary judgment. The plaintiff raised the question of the sufficiency of the defenses dealt with above by placing the matter on the argument list. This was equivalent to a motion to strike the defenses and it will be granted. The plaintiff's motion for summary judgment will be granted as to the issues dealt with in this opinion.

Orders may be submitted in accordance with the foregoing.