**W. Robert McCARTHY**

v.

**The AUTOCAR COMPANY and the White Motor Company.**

**Civ. No. 15751.**

United States District Court
E. D. Pennsylvania.

Sept. 4, 1954.

See also D.C., 18 F.R.D. 282.

———————◆———————

Robert C. Kitchen, Philadelphia, Pa., for plaintiff.

Thomas Raeburn White, Philadelphia, Pa., for Autocar Co.

Joseph W. Swain, Jr., Philadelphia, Pa., for White Motor Co.

KIRKPATRICK, Chief Judge.

The cause of action asserted by this plaintiff is grounded upon the same transaction which formed the basis of the plaintiff's case in Marks v. Autocar Company, D.C., 153 F.Supp. 768. In an opinion in the latter case, filed herewith, I held that the plaintiff could not, over her dissent, have her stock in Autocar taken away from her and the stock of White imposed upon her by way of compensation and that she had a right to claim and receive the value of her stock in money. What was said in the opinion in the Marks case is fully applicable here although, procedurally, the case is a little different.

In this case the defendants filed answers raising substantially the same questions raised in the Marks case, and the plaintiff ordered the question of the sufficiency of these defenses upon the argument list. The plaintiff's request that these defenses be heard preliminarily amounts in substance to a motion to strike and will be so treated.

The complaint in the present case, in addition to asserting the right which the plaintiff in the Marks case asserted, attacks the transaction as based on inadequate consideration and as a result of a breach of fiduciary duties by the managers of Autocar. This phase of the alleged cause of action cannot be sustained because the action does not purport to be a derivative one, and the claim asserted on this ground belongs to Autocar and not to the plaintiff.

However, I am of the opinion that the plaintiff has asserted a right which, under the decision of Lauman v. Lebanon Valley Railroad Company, 30 Pa. 42, can be sustained and that the defenses involved in this motion should be stricken.

An order in accordance with the foregoing may be submitted.