Sally **MARKS**, Plaintiff, and **Rudolph Kruger**, Clarise E. Kruger and Anna Schildkret, Intervening Plaintiffs,

v.

The **AUTOCAR COMPANY** and the White Motor Company, Defendants.

Civ. No. 16075.

United States District Court
E. D. Pennsylvania.

Feb. 17, 1955.

Richard D. Solo, Martin Horwitz, Philadelphia, Pa., for plaintiff.

Thomas Raeburn White, Philadelphia, Pa., for Autocar Co.

Joseph W. Swain, Jr., Philadelphia, Pa., for White Motor Co.

KIRKPATRICK, Chief Judge.

■ It seems to me that the rationale of the decision of the Court of Appeals for the Third Circuit in Central-Penn National Bank of Philadelphia v. Portner, 201 F.2d 607, as appearing in the opinion of ·Chief Judge Biggs, requires the plaintiff's motion for summary judgment to be denied. Under the Portner case, the genuineness of her, or her agent's, motive in abstaining from voting and in her subsequent dissent is a material issue in this case which cannot be disposed of on this motion. True, in the present case the plaintiff has owned some of her stock for several years, while in the Portner case the stockholder acquired his stock after the agreement to merge the corporations had been made, but the Court made no point of that fact in its opinion and it can be easily seen that the issue on which the case turned, namely, the motive, purpose or state of mind of the stockholder, did not depend upon when the stock was acquired, although, of course, that would be a pertinent consideration. It is also true that the transaction in the Portner case was a statutory merger carried out strictly in accordance with the Act of Congress (12 U.S.C.A. §§ 33–34a) and that the Court found some support for its view in the language of the statute and reports of the congressional committees, but the basic principle on which the case was decided was much broader than a matter of statutory interpretation. The heart of the opinion is the Court's statement "He (the plaintiff) asserted that he was opposed to the consolidation when such was not the case. His dissent was a mere pretense, and such pretense does not entitle the shareholder to the benefit of the statute", at page 609. In this case, a court is asked, upon equitable

principles, to aid a stockholder to assert rights under a merger, though not a statutory one. If it should turn out that this plaintiff's opposition to the merger was "a mere pretense" or that her abstention from voting was motivated by a desire to see the merger accomplished so that she would be in a position to take these proceedings, then it seems clear that the Court should not aid a plaintiff who pretends to be protecting a property right but is, in fact, merely trying to maneuver himself into a position of advantage over others who are attempting, in good faith, to carry out a business transaction.

■ There is one further consideration. I think, and I have in effect said in the opinion of September 4, 1954, 153 F.Supp. 768, that the defendants, by deliberately avoiding the final step necessary to comply with the statute and by disavowing throughout that it was a merger, have deprived themselves of the purely statutory restrictions and limitations upon the plaintiff's rights including the requirements of notice and application to the Common Pleas Court for appointment of appraisers, etc. In other words, this is a common law merger not governed by the provisions of the statute. Therefore, the failure to file written notice does not stand in the way of the plaintiff's common law or equitable remedies and there is no statutory estoppel against her, or for that matter, against her agent, Josephthal, in whose name her stock was registered.

■ This brings us to the question whether there is equitable estoppel apart from the provisions of the statute. It is conceded that Josephthal voted 2,200 shares standing in his name in favor of the merger and that he did not vote the 1,400 shares which he held for the plaintiff one way or the other. Josephthal was the plaintiff's agent and, so far as an estoppel arising from his acts is concerned, she would be estopped by anything which he had done as the registered owner of the stock. Parenthetically, it is no doubt a fact that she was an undisclosed principal so far as the corporation was concerned. Now, can a stockholder be permitted to vote a certain number of his shares—perhaps the requisite amount to put the merger through—in favor of a merger, give no notice that he intends to have the remainder of his stock turned into cash, withhold the remaining stock without voting it one way or the other and then demand payment in cash? Is not the corporation seriously embarrassed by the deceptive attitude of a stockholder who appears to be *in favor* of the merger? Is it not entitled to proceed on the assumption that a stockholder who voted in favor of the merger is not going to take proceedings which may create serious and unforeseen difficulties? Does not equity as well as the statute apply its estoppel to the stockholder rather than to the shares of stock?

I am not answering these questions because fact issues underlie every question of estoppel and, assuming that estoppel is an issue in the case, I think it inadvisable to say more than I have said until I have all the facts before me.

The motion for summary judgment is denied.